UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MIKAILA CHAVEZ,<br>KENNETH CHAVEZ, and<br>DEBORAH CHAVEZ,<br><br>         Plaintiffs,<br><br>v.<br><br>KIA MOTORS CORPORATION,<br>KIA MOTORS AMERICA, INC.,<br>ARC AUTOMOTIVE, INC., DELPHI<br>AUTOMOTIVE SYSTEMS, LLC, and<br>DELPHI AUTOMOTIVE SYSTEMS<br>SUNGWOO CORPORATION,<br><br>         Defendants. | CIVIL ACTION NO.:<br>1:15-cv-00462-KBM-SCY<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT TO RECOVER
DAMAGES FOR PERSONAL INJURIES**

Plaintiffs, by and through their attorneys, McKelvey Law Firm, P.C. (Ryan H. McKelvey) and the Cooper Firm (Lance A. Cooper and Andrew S. Ashby), file their first amended complaint against Defendants Kia Motors Corporation, Kia Motors America, Inc., ARC Automotive, Inc., Delphi Automotive Systems, LLC, and Delphi Automotive Systems Sungwoo Corporation, and would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff Mikaila Chavez is a resident of Bernalillo County, New Mexico.

2. Plaintiff Kenneth Chavez is Mikaila's father and a resident of Bernalillo County, New Mexico.

1

3.  Plaintiff Deborah Chavez is Mikaila's mother and a resident of Bernalillo County, New Mexico.

4.  Plaintiffs are citizens of New Mexico.

5.  Upon information and belief, Defendant Kia Motors Corporation ("KMC") is a Korean corporation. Defendant KMC designs, develops, manufactures, tests, inspects, markets, sells, and distributes automobiles in the United States and in New Mexico, including the 2004 Kia Optima which is the subject of this action, through its wholly owned subsidiary Kia Motors America, Inc. and an established network of franchisees, agents, and dealerships. KMC maintains its principal place of business at 231 Yangjae-Dong, Seocho-Gu, Seoul 137-938, Korea and may be served with process pursuant to The Convention on The Service Abroad Service of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention.

6.  Upon information and belief, Defendant Kia Motors America, Inc. ("KMA"), is a California corporation registered and doing business in New Mexico. KMA is the American subsidiary of Defendant KMC. KMA designs, develops, manufactures, tests, inspects, markets, sells, and distributes automobiles in the United States and in New Mexico, including the 2004 Kia Optima which is the subject of this action, through an established network of franchisees, agents, and dealerships. KMA maintains its principal place of business at 111 Peters Canyon Road Irvine, California 92606 and may be served with process through its registered agent, CT Corporation System, 123 E. Marcy Street, Santa Fe, NM 87501.

7.  Collectively, KMC and KMA will hereafter be referred to as the "Kia Defendants."

8. Upon information and belief, ARC Automotive, Inc. ("ARC"), is a Delaware corporation doing business in New Mexico. ARC designs, develops, manufactures, tests, inspects, markets, sells, and distributes airbag systems and their components in the United States and in New Mexico, including the airbag system and components in the 2004 Kia Optima which is the subject of this action. ARC maintains its principal place of business at 1729 Midpark Road, Suite D, Knoxville, Tennessee 37921, and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. Upon information and belief, Delphi Automotive Systems, LLC ("Delphi"), is a Delaware corporation doing business in New Mexico. Delphi designs, develops, manufactures, tests, inspects, markets, sells, and distributes airbag systems and their components in the United States and in New Mexico, including the airbag system and components in the 2004 Kia Optima which is the subject of this action. Delphi maintains its principal place of business at 5725 Delphi Drive Troy, Michigan 48098, and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10. Upon information and belief, Defendant Delphi Automotive Systems Sungwoo Corporation ("DASS") is a Korean corporation. Defendant DASS designs, develops, manufactures, tests, inspects, markets, sells, and distributes airbag systems and their components in the United States and in New Mexico, including the 2004 Kia Optima which is the subject of this action, in part through its parent company Defendant Delphi. DASS maintains its principal place of business at 395-70 Shindaebang-dong Dongjak-gu, Seoul, South Korea, and may be

served with process pursuant to The Convention on The Service Abroad Service of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention.

11.     Collectively, ARC, Delphi, and DASS will hereafter be referred to as the "Airbag Defendants."

## JURISDICTION AND VENUE

12.     Upon information and belief, the 2004 Kia Optima which is the subject of this action, including its airbag system and components, was placed into the stream of commerce by the Kia and Airbag Defendants in an effort and manner to serve, directly or indirectly, the market here and in other states resulting in sales to New Mexico consumers and the expectation that the 2004 Kia Optima, including its airbag system and components, would be used in New Mexico.

13.     Upon information and belief, the Kia and Airbag Defendants are benefitted by, and derive substantial economic profits from, their business activities in this state.

14.     This Court has personal jurisdiction over the Kia and Airbag Defendants because they engage in foreseeable, intentional, substantial, continuous and systematic contacts within New Mexico and have sufficient minimum contacts, both in general and with regard to this specific action, that exercising jurisdiction over them does not violate due process or offend traditional notions of fair play and substantial justice.

15.     This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states and the amount in

controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332(a).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The injuries and damages suffered by Plaintiffs and made the basis of this suit arise out of an April 8, 2014 incident that occurred on Interstate 40 eastbound near Rio Grande Boulevard, N.W. in Albuquerque, New Mexico while Mikaila Chavez was driving her family's 2004 Kia Optima, VIN no. KNAGD126745297946.

## FACTUAL BACKGROUND

17. On April 8, 2014, Mikaila Chavez was driving the 2004 Kia Optima, VIN KNAGD126745297946 (hereafter referred to as the "Optima") on Interstate 40 eastbound near Rio Grande Boulevard, N.W. in Albuquerque, New Mexico.

18. Around 13:34 military time on that date, another vehicle crossed in front of Mikaila Chavez, causing her to brake hard to avoid a collision.

19. Mikaila then lost control of the Optima and struck a wall at which time the Optima's front driver's side airbag exploded with such excessive force that it sheared off its mounting bolts, fired a variety of metal and plastic shrapnel throughout the passenger compartment of the vehicle, and otherwise failed to adequately inflate.

20. As a result of the defective airbag, Mikaila Chavez sustained severe injuries including, but not limited to being struck by a large chunk of metal that was only later discovered at the hospital where it was recovered from the posterior of her neck during emergency surgery.

## COUNT I: STRICT PRODUCTS LIABILITY OF KIA AND AIRBAG DEFENDANTS

21. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs as though specifically pled herein.

22. Upon information and belief, at all times material hereto, the Kia Defendants were in the business of designing, manufacturing, marketing and selling vehicles, including the subject 2004 Kia Optima. The Kia Defendants are therefore liable under the doctrine of strict products liability for injuries produced by defects in the subject vehicle arising out of the design, manufacture and/or marketing of said vehicle.

21. Upon information and belief, at all times material hereto, the Airbag Defendants were in the business of designing, manufacturing, marketing and selling airbag systems and their components for use in vehicles, including the front airbag system in the Optima. The Airbag Defendants are therefore liable under the doctrine of strict products liability for injuries produced by defects in the subject vehicle arising out of the design, manufacture and/or marketing of said airbag system.

22. Upon information and belief, the Kia Defendants designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Optima, and its components, including but not limited to, its occupant restraint system consisting of driver and passenger airbags.

23. Upon information and belief, the Airbag Defendants designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Optima's occupant restraint system consisting of driver and passenger airbags.

24. Upon information and belief, the Kia Defendants and the Airbag Defendants designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the front seat occupant restraint system which was selected and installed in the Optima.

25. The Optima and its components left the Defendants' control in the same condition as it was at the time and place of the incident, with the exception of ordinary wear and tear.

26. Among other things, the Optima is uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users in that it contains an airbag system that is inadequately designed and constructed, and fails to provide a reasonable degree of occupant restraint and safety for front seat occupants who may be involved in frontal impact collisions, thereby subjecting these occupants to severe and catastrophic injuries.

27. The defective nature of the Optima was the proximate cause of the injuries and damages sustained by Plaintiffs, as set forth herein, thus rendering the Kia and Airbag Defendants strictly liable.

## COUNT II: NEGLIGENCE OF KIA AND AIRBAG DEFENDANTS

28. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs as though specifically pled herein.

29. The Kia and Airbag Defendants had a legal duty to design, inspect, test, manufacture and assemble the Optima and its components, including but not limited to, its occupant restraint system consisting of driver and passenger airbags, so that it would be reasonably crashworthy and provide a reasonable degree of occupant safety in foreseeable collisions occurring in the highway environment of its expected use.

30. The Kia and Airbag Defendants were negligent in designing, inspecting, testing, manufacturing, assembling, marketing, selling, and providing warnings for the Optima and its components.

31. The Defendants' negligence proximately caused the injuries and damages sustained by Plaintiffs, as set forth herein.

### COUNT III: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY BY KIA AND AIRBAG DEFENDANTS

32. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs as though specifically pled herein.

33. The Kia and Airbag Defendants breached their implied warranty of merchantability by selling the Optima and its components when it was not fit for the ordinary purpose for which such goods are sold.

34. This breach of warranty proximately caused the injuries and damages sustained by Plaintiffs, as set forth herein.

### COUNT IV: PUNITIVE DAMAGES AGAINST KIA AND AIRBAG DEFENDANTS

35. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs as though specifically pled herein.

36. The Kia and the Airbag Defendants, through their conduct in designing, testing, manufacturing, assembling, marketing, and selling the Optima and its components, demonstrated an entire want of care, evidencing an utter indifference to the consequences of their actions, especially in light of the high risk of danger that their actions brought about. The Kia and the Airbag Defendants were utterly indifferent to or consciously disregarded the rights and safety of

Plaintiffs. Plaintiffs are entitled to an award of punitive damages to deter the Kia and Airbag Defendants, and others, from such conduct in the future.

## DAMAGES

37. Plaintiffs incorporate and adopt by reference all the facts and allegations contained in the preceding paragraphs as though specifically pled herein.

38. As a result of the acts and omissions of the Defendants as set forth in this Complaint and as will be identified in discovery, Mikaila Chavez suffered great bodily harm and other damages, including but not limited to permanent injuries, disability and disfigurement, pain and suffering, mental anguish and distress, past and future lost wages, past and future lost scholarships, past and future tuition and academic expenses, past and future medical expenses, loss of enjoyment of life, lost household services, and any other damages that will be proved at trial.

39. Plaintiff Kenneth Chavez is Mikaila Chazez's father. Kenneth and Mikaila have a close relationship with a significant relational bond. As a result of the acts and omissions as detailed in this Complaint, Plaintiffs have suffered loss of consortium damages.

40. Plaintiff Deborah Chavez is Mikaila Chazez's mother. Deborah and Mikaila have a close relationship with a significant relational bond. As a result of the acts and omissions as detailed in this Complaint, Plaintiffs have suffered loss of consortium damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows: Against Defendants for injuries and damages caused by Defendants' negligence and strict products liability in a sum to be

determined and fixed by the trier of fact as to be fair and just, for attorneys' fees, court costs, pre and post judgment interest and all other appropriate relief.

## JURY DEMAND

Plaintiffs request a trial by jury on all counts and issues set forth in this action.

DATED: June 25, 2015

                               Respectfully Submitted:

                               **MCKELVEY LAW FIRM, P.C.**
                                 **Electronically Filed**

By: **/s/ *Ryan H. McKelvey***, Attorney at Law
     McKelvey Law Firm, P.C.
     4420 Prospect Ave. NE
     Albuquerque, NM 87110
     Telephone: (505) 254-9090
     Facsimile: (505) 404-1390
     ryan@mckelveylaw.com

     -AND-

     Lance Cooper
     (pro hac vice)
     Andrew S. Ashby
     (pro hac vice)
     The Cooper Firm
     531 Roselane Street
     Suite 200
     Marietta, GA 30060
     Telephone: (770) 427-5588
     Facsimile: (770) 427-0010
     lance@thecooperfirm.com
     drew@thecooperfirm.com